**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLEKSANDR VLADIMIROVICH MELNYK,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-01379 JLT FJS<br><br>A-Number: 217-166-434<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION OF WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 8) |

Oleksandr Vladimirovich Melnyk is an immigration detainee proceeding with a petition for writ of habeas corpus to 28 U.S.C. § 2241, asserting that he "suffers irreparable harm through violation of due process and suspension of his liberty." (Doc. 1 at 3.) He seeks a court order declaring that his "ongoing detention violates the Due Process Clause of the Fifth Amendment" and seeks immediate release. (*Id.* at 4.) Respondents assert the petition, Petitioner's third before this Court, is "successive" and should be dismissed. (Doc. 18 at 3-4.) Respondents also contend that Petitioner is subject to mandatory detention and not entitled to relief as he previously received a bond hearing and was denied bond on March 3, 2026. (*Id.*)

The magistrate judge observed that Petitioner brought two other petitions before this Court in: *Vladimirovich v. Giles, et. al.*, No. 1:25-cv-00953-SKO, 2025 WL 3208979, (E.D. Cal. Oct. 10, 2025), *reconsideration denied*, 2025 WL 3208816 (E.D. Cal. Nov. 17, 2025); *Melnyk v.*

*Warden of the Golden State Annex ICE Detention Facility*, 2026 WL 504597, No. 1:25-cv-01431-JLT-EPG (E.D. Cal. Feb. 24, 2026). The magistrate judge found that the petition should not be dismissed as "successive" to the two prior petitions under 28 U.S.C. § 2244. (Doc. 20 at 2-3.) The magistrate judge also determined that although the "abuse of the writ" doctrine could "frustrate this third petition"—because there was "little doubt" that Petitioner could have raised these claims in either of his other two petitions— the doctrine should not be applied because Petitioner did not have sufficient notice of the doctrine and was proceeding *pro se* at the time he filed the petition. (*Id.* at 4, citing *Alaimalo v. United States*, 645 F.3d 1042, 1065 (9th Cir. 2011), *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002*), as amended* (Feb. 8, 2002).)

The magistrate judge also rejected Respondents' position that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b) an "applicant for admission." The magistrate judge noted Petitioner entered the United States at a border checkpoint and was detained for two days before his release on an Order of Supervision. (Doc. 20 at 1-2.) The magistrate judge also observed Petitioner "resided in the United States for almost four years" prior to his re-detention. (*Id.* at 2.) The magistrate judge found that as a result, Petitioner is instead subject to discretionary detention under 8 U.S.C. § 1226(a). (*Id.* at 5.)

The magistrate judge noted that Petitioner claims "he was entitled to a pre-deprivation process that he did not receive." (Doc. 20 at 6.) The magistrate judge noted that bond or parole could be revoked by the Attorney General for previously released aliens, and any aliens "detained under § 1226(a) receive bond hearings at the outset of detention." (*Id.*, quoting 8 U.S.C. § 1226(b), *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018).) Because Petitioner received the bond hearing in March 2026, the magistrate judge considered whether his due process claim established that he was entitled to additional relief, including a second bond hearing. (*Id.* at 6-9.)

Addressing Petitioner's claim of a due process violation, the magistrate judge noted the Ninth Circuit applied the test identified in *Mathews v. Eldridge*, 424 U.S. 391 (1976) to evaluate whether a petitioner should receive a second bond hearing in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022). (Doc. 20 at 6.) The magistrate judge found the *Mathews* test was also appropriate here, as Petitioner is subject to the same detention authority as

Rodriguez Diaz. (*Id.*) The magistrate judge considered the *Mathews* factors and found they "weigh in the government's favor and outweigh Petitioner's interest in a second bond hearing..." (*Id.* at 9; *see also id.* at 7-9.) Therefore, the magistrate judge recommended the Court deny the petition. (*Id.*)

Petitioner filed timely objections to the Findings and Recommendations. (Doc. 22.) He maintains that "the issue is [his] re-detention" without a pre-deprivation hearing, and that the appropriate remedy "is release, not a bond hearing." (*Id.* at 3-4; *see also id.* at 1-2.) He also contends the bond hearing received "did not comport [with] the constitution," because the burden was on him to show he was not a danger or flight risk. (*Id.* at 3-4.) Furthermore, Petitioner challenges the application of the second and third *Mathews* factors, arguing that they weigh in his favor. (*Id.*) Petitioner concludes that his "ongoing detention is in violation of due process" and "requests that he be released immediately." (*Id.* at 4.)

To the extent Petitioner argues that the *only* available or appropriate remedy for failure to provide a pre-deprivation hearing is release, this Court has rejected such a conclusion, particularly where a petitioner has a criminal history. *See, e.g.*, *Herrera Quintero v. Warden, Cal. City Immig. Processing Ctr.*, 2026 WL 2982937, at *2 (E.D. Cal. Oct. 4, 2026) (finding the petitioner showed a due process violation for failure to provide a pre-deprivation hearing, for which the appropriate relief was a bond hearing where the petitioner had a criminal history); *Infante v. Warden of the Golden State Annex Det. Facility,* 2026 WL 1715020, at *2 (E.D. Cal. June 12, 2026) (finding the petitioner established that his "re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment" and ordering the respondents to provide him "an individualized bond hearing before an immigration judge," at which the government bore the burden); *see also Singh v. Chestnut*, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026) ("while release is often appropriate when the Government has failed to provide a pre-deprivation hearing," a criminal history may establish that "it is sufficient to provide Petitioner a post-depravation bond hearing"). It is undisputed that Petitioner has a criminal history (Doc. 8-8), and his objection that a release was the only appropriate remedy for a due process violation based upon re-detention without a pre-deprivation hearing is unpersuasive.

The Court finds Petitioner's circumstances are similar to the circumstances considered by the Ninth Circuit in *Rodriguez Diaz*, as the magistrate judge found. In *Rodriguez Diaz*, the Court observed that "by the time of the district court decision, Rodriguez Diaz was detained for fourteen months following his first bond hearing." *Id.*, 53 F.4th at 1207. Despite having "a legitimate and reasonably strong private liberty interest under *Mathews*"—as Petitioner argues here that he possesses— the Court found the factors weighed against finding Rodriguez Diaz suffered a due process violation. *See id.*, 53 F.4th at 1207; *see also id.* at 1207-1214. Consistent with the analysis in *Rodriguez Diaz*, the magistrate judge did not err in finding the second and third *Matthews* factors weigh against Petitioner receiving a second bond hearing.

Finally, to the extent Petitioner now argues the bond hearing he received did not comply with the Constitution, such a claim was not raised in the petition. The Court has discretion to decline to consider claims and arguments raised for the first time in objections to findings and recommendations. *See United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) (the district court may refuse to consider allegations raised for first time in objections to recommendations when petitioner could have made them earlier but elected not to do so); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (court has discretion to refuse to consider new arguments raised in objections to recommendations). The facts surrounding Petitioner's bond hearing were known at the time the petition was filed, and he did not raise any argument regarding the bond proceedings. Rather, Petitioner focused on the detention authority and the manner of his detention. (*See* Doc. 1 at 1-14.) Consequently, the Court exercises its discretion to decline to consider the new ground for relief related to the bond hearing proceedings that Petitioner raised for the first time in the objections.[1]

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case.

---

[1] Moreover, Petitioner challenged the bond hearing proceedings with a motion to enforce the petition in Case No. 1:25-v-01431. The Court reviewed the digital recording of the bond hearing and noted that the immigration judge "explicitly acknowledged at the outset of the hearing that Respondents had the burden of proof to show by clear and convincing evidence that Petitioner poses either a danger to the community or a flight risk. (Case No. 1:25-cv-01531, Doc. 32 at 3-4.) To this end, Petitioner's argument that the burden was unconstitutionally placed upon Petitioner at the bond hearing is contradicted by the Court's record of his immigration proceedings. The Court denied the motion to enforce on August 14, 2026.

Having carefully reviewed the entire matter, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 20) are **ADOPTED**.
2. The petition for writ of habeas corpus is **DENIED**.
3. The Clerk of Court is directed to terminate pending matter as moot and to close this case.

IT IS SO ORDERED.

Dated: _October 23, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE